IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Lee Washington, ) | Case No.: 4:24-cv-07418-JD-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden, Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, (DE 25) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Respondent Warden, Broad River Correctional Institution's ("Respondent") motion for summary judgment along with a return and memorandum (DE 19, DE 20), seeking to dismiss Petitioner Edward Lee Washington's ("Petitioner") writ of habeas corpus (DE 1) under 28 U.S.C. § 2254.[1]

**A. Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner ("Petitioner"), proceeding *pro se*, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 19, 2024. (DE 1.) The petition

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

challenges his 2019 conviction in the Horry County Court of General Sessions for felony driving under the influence resulting in death. (DE 25 at 2.) Petitioner was tried before the Honorable Steven H. John and represented by James D. Stanko, Esquire, and Clay W. Pinkerton, Esquire. He was acquitted of a separate charge for leaving the scene of an accident but was convicted on the felony DUI charge and sentenced to twenty (20) years' imprisonment. (DE 25 at 3.)

Petitioner timely pursued a direct appeal through appointed appellate counsel, Adam Sinclair Ruffin of the South Carolina Commission on Indigent Defense, raising one issue under *Anders v. California*, 386 U.S. 738 (1967). (DE 25 at 3.) The South Carolina Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. The remittitur was issued on November 22, 2021. (DE 25 at 3.)

On January 10, 2022, Petitioner applied for post-conviction relief ("PCR"), asserting claims of ineffective assistance of counsel and prosecutorial misconduct. (DE 25 at 4.) An evidentiary hearing was held on January 3, 2023, before the Honorable Debra McCaslin. (DE 25 at 4.) On March 21, 2023, the PCR court denied and dismissed the application with prejudice. (DE 25 at 5.) Petitioner appealed, and the South Carolina Court of Appeals denied his petition for a writ of certiorari on November 20, 2024. The remittitur was issued and filed in Horry County on December 11, 2024. (DE 25 at 6.)

In his federal habeas petition, Petitioner raises two grounds for relief: (1) that he was indicted before receiving a preliminary hearing in violation of South Carolina Code § 22-5-320; and (2) that the trial court violated Rule 403 of the South Carolina

2

Rules of Evidence by admitting allegedly gruesome and prejudicial photographs of the victim. (DE 25 at 7.)

Respondent moved for summary judgment on April 19, 2025. (DE 20.) On April 14, 2025, the Court issued a *Roseboro* order advising Petitioner of the summary judgment procedure and the potential consequences of failing to respond. (DE 21.) Petitioner failed to respond. (DE 25 at 1.)

### B. Report and Recommendation

On June 9, 2025, the Magistrate Judge issued the Report (DE 25), recommending that the petition be dismissed for two independent reasons. First, the Magistrate Judge concludes that dismissal is warranted under Rule 41(b) of the Federal Rules of Civil Procedure due to Petitioner's failure to prosecute and failure to comply with court orders. Petitioner did not respond to the Respondent's motion for summary judgment or the *Roseboro* order, and no other reasonable sanctions were deemed available. (DE 25 at 2.)

Second, in the alternative, the Magistrate Judge recommends that Respondent's motion for summary judgment be granted on the merits. As to Ground One, the Magistrate Judge found that Petitioner's claim concerning the timing of his indictment and preliminary hearing arises solely under state law and, therefore, fails to state a cognizable claim for federal habeas relief. (DE 25 at 10–11.)

As to Ground Two, the Magistrate Judge determined that Petitioner's evidentiary objection under Rule 403 of the South Carolina Rules of Evidence is likewise grounded in state law and not reviewable in federal habeas proceedings.

Moreover, if Petitioner's second ground could be construed as asserting a federal constitutional claim, the Magistrate Judge found that it was procedurally defaulted because it was not raised and preserved during direct review or the PCR process. Petitioner failed to demonstrate cause and prejudice or actual innocence sufficient to excuse the procedural default. (DE 25 at 11–13.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Conclusion

Since neither party objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 25) and incorporates it here by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 20) is **GRANTED**, and Petitioner's § 2254 Petition (DE 1) is **DISMISSED**.

And it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 18, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.